COURT's COPY

09-CV-05595-CMP

FILED _____ LODGED
_____ RECEIVED

SEP 23 2009

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DUSTIN GENE ABRAMS, ) No.: _____
    Plaintiff, )
v. )
HILCO RECEIVABLES, LLC )
    Defendant(s) )

PETITION FOR REDRESS OF INJURIES PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT 15 USC 1692 (g)(k) ET ALT.

## I. JURISDICTION & VENUE

1. This is a Civil Action Authorized by Fair Debt Collections Practices Act 15 USC 1692 (k), because the Fair Debt Collections Practices Act is a Federal Statute, and HILCO RECEIVABLES, LLC, was attempting to Collect a Debt.

2. The United States District Court Western District of Washington has proper jurisdiction over this matter as this is the District wherein the Plaintiff was at when the Violations occurred.

## II. PLAINTIFF

3. Plaintiff, DUSTIN GENE ABRAMS, is the Plaintiff who currently resides in Steilacoom, Washington, while in Custody of the Washington State Department of Corrections and has been in custody since March 31, 2004.

4. Defendant, HILCO RECEIVABLES, LLC is a Debt Collector as Defined in the Fair Debt Collections Practices Act and is Attempting to Collect a Debt in violation of such act as set forth below in the complaint. HILCO RECEIVABLES, LLC is located in the State of Illinois.

## III. COMPLAINT:

5. On August 06, 2008, the Plaintiff, mailed to the Defendant a letter requesting validation of the Debt that the Defendant has reported to the Three Major Consumer Credit Reporting Agencies. This Request gave the Defendant Thirty (30) days to 'validate' the debts reported.

Petition for Redress of Injuries page 1 of 3

6. On September 10th, 2008, the Plaintiff mailed several documents to include a 'Notice of non-response and opportunity to cure and contest default.

7. On September 17th, 2008, the Plaintiff having not received any response from the Defendant then mailed the Defendant another letter indicating that the Defendant was in default and res-judicata because of Non-Response. The Defendant failed to respond in any manner.

8. To insure that the Plaintiff was in compliance with the Fair Debt Collections Practices Act the Plaintiff sent the Defendant yet another demand for Validation in January, 2009, to include copies of the UCC-1 Financing Statement, Private Security Agreement, Statement of Facts-True Bill, and other Commercial Lien Documents. The Defendant failed to respond to those also.

9. On or about March 16, 2009, the Plaintiff sent via Certified Mail (#: 7002-2030-0002-3006-0838) another 'Demand For Validation of the Purported Debt.' On March 19, 2009, the Defendant signed for the Certified Mail Return receipt.

10. After not receiving any validation of the Debt, on May 02, 2009, the Plaintiff sent yet another letter demanding validation of the purported debts, via certified mail #: 7002-2030-0002-3006-0722. The Defendant again signed for this return receipt and failed to validate the debt.

11. On July 24, 2009, the Plaintiff mailed a copy of a Civil Complaint with another notice of Demand for Validation of the Debts that the Defendant has reported to the Consumer Credit Reporting Agencies.

12. On August 14, 2009, the Plaintiff received a letter from 'AMY' Client Services Rep. advising the Plaintiff to obtain a new updated credit report and sent it to the Defendant HILCO RECEIVABLES, LCC. At the bottom of this letter it states: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE." This letter in its self violates the Fair Debt Collections Practices Act because it doesn't inform the Plaintiff that that he has the Right to Challenge the Debt in hole or in part as set forth in the FDCPA at 15 USC 1602 (g).

13. On August 14, 2009, the Plaintiff sent yet another letter demanding 'validation' of the Debt and putting HILCO RECEIVABLES, LLC on notice that their activities are in violation of the FDCPA.

14. On September 04, 2009, the Plaintiff received a 'Past Due' Bill from the Defendant, which appears to be from 'CAPITAL ONE BANK' with Account Number: 5178-0525-5287-9807. Again this doesn't validate the debt. It again violates the FDCPA as set forth in 15 USC 1692(g). The Plaintiff then wrote a notice and

opportunity to cure failure to validate the debt within three days and mailed it back to the Defendant. That three days has long since expired.

15. The Plaintiff has been in Custody of the Grant County Jail and Washington State department of Corrections Since March 31, 2004. This is prooven by Grant County Cause Number 04-1-00255-1, 05-1-00454-4, 05-1-00615-6, 05-1-00813-0; 06-1-00366-3; among others.

16. The Defendant has never sent the Plaintiff any True Bill, Proof of Contract, or any documents as required by the Fair Debt Collections Practices Act. The Only Bill the Plaintiff ever received from the Defendant was on September 09, 2009, which is confusing to understand and makes no proof that there ever was a meeting of the minds or that the Plaintiff ever agreed to any Contract. However the Defendant has provided an address that the Plaitiff never lived at or received mail at. The Past Due Bill doesn't validate the Debt.

17. The Defendant has violated the Conditions of the Fair Debt Collections Practices Act More than Five Times.

## IV. JURY DEMAND

18. Plaintiff demands a Jury Trial.

## V. RELIEF SOUGHT:

19. Plaintiff seeks the Following Relieve:

20. One Thousand ($1,000.00) dollars for each time that the Defendant Violated the Fair Debt Collections Practices Act totaling Five times Equalling Five Thousand ($5,000.00) Dollars;

21. The Total cost for mailing, copies, and typing fees in connection to this matter equaling $100.00 united States Dollars;

22. Three ($3,000.00) Thousand Dollars for Lose of Credit and denial of loans and credit because of the Defendants reporting of a false and misleading debt;

23. Any Relief that the Court/Jury Deems Appropriate in light of the amount of times the defendant violated the Fair Debt Collections Practices Act;

## VI. SETTLEMENT OFFER

24. Plaintiff will agree to drop this complaint condictioned upon the following terms: (a) Defendant removes the debts from all consumer credit repoting agencies files; (b) Pay the Plaintiff $2,000.00; (c) Agreement that the Defenant produce all documents, contracts, credit information that bind the Plaintiff to any agreement with the Defendant; and (d) the Receipt wherein the Defendant payed, or has been payed to collect the Debt for Capital One Bank.

Done this 20th day of September, 2009

*DUSTIN ABRAMS* (signature)

DUSTIN GENE ABRAMS, Plaintiff, Pro-Se
Peition For Redress of Injuries page 3 of 3