UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUSTIN GENE ABRAMS,<br><br>                Plaintiff,<br><br>  v.<br><br>HILCO RECEIVABLES, LLC,<br><br>                Defendant. | CASE NO. C09-5595BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Hilco Receivables, LLC's ("Hilco") motion to dismiss (Dkt. 27). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 23, 2009, Plaintiff Dustin Gene Abrams ("Abrams") filed a motion to proceed in forma pauperis and a proposed complaint. Dkt. 1. On October 5, 2009, the Court granted his motion and placed his complaint against Hilco on the electronic docket. Dkts. 2 & 3. Abrams alleges that Hilco attempted to collect a debt in violation of the Fair Debt Collections Practices Act, 15 U.S.C. 1692(k) ("FDCPA"). *See* Dkt. 3.

Over the course of almost two years, the Court directed service on Hilco, but Abrams failed to provide a proper address for service. On July 29, 2011, Hilco filed a waiver of service. Dkt. 23.

ORDER - 1

On September 26, 2011, Hilco filed a motion to dismiss. Dkt. 27. On September 26, 2011, Abrams filed an objection, which the Court will construe as a response. Dkt. 28. On September 30, 2011, Hilco replied. Dkt. 29.

## II. DISCUSSION

Actions under the FDCPA must be brought within one year from the date on which the violation occurs. 15 U.S.C. § 1692k(d). A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3.

In this case, Hilco argues that Abrams' claims are barred by the statute of limitations because his complaint should be deemed to have been filed when Hilco filed its waiver of service. Dkt. 27 at 3-4. Hilco requests that the Court apply RCW 4.16.170, which is the state statute governing the tolling of the statute of limitations. *Id*. The Court declines to adopt the state statute and will follow the Federal Rules of Civil Procedure. Therefore, this action will be deemed to have commenced when Abrams filed his motion to proceed in forma pauperis and proposed complaint with the Court on September 23, 2009.

## III. ORDER

Therefore, it is hereby **ORDERED** that Hilco's motion to dismiss (Dkt. 27) is **DENIED**.

DATED this 28th day of October, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 2